**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
LOUIS M. ACERRA,                :    CIVIL ACTION NO. 09-5402 (MLC)
                                :
      Plaintiff,                :       O P I N I O N
                                :
      v.                        :
                                :
WHIRLPOOL CORPORATION, et al.,  :
                                :
      Defendants.               :
_____:
```

**THE PLAINTIFF** brought this action in state court to recover
damages for personal injuries caused by a defective dishwasher in
September 2009, and filed an Amended Complaint in October 2009.
(Dkt. entry no. 13, Pl. Certification, Ex. 9, Compl.; dkt. entry
no. 1, Am. Compl.)  The currently-named defendants from the
Amended Complaint — Whirlpool Corporation ("WPC") and A&E Factory
Services, LLC ("AEF") — removed the action on October 21, 2009,
pursuant to 28 U.S.C. § ("Section") 1332, as (1) the plaintiff is
a New Jersey citizen, (2) WPC is deemed to be a citizen of
Delaware and Michigan, and (3) AEF is deemed to be a citizen of
Delaware, Illinois, Michigan, and New York.  (Dkt. entry no. 1,
Rmv. Not. at 2.)

**THE PLAINTIFF** moved on December 29, 2009, (1) for leave to
file a Second Amended Complaint to add Michael S. Cecero as a
defendant, who is (a) an AEF technician who repaired the
dishwasher before the incident at issue, and (b) a New Jersey
citizen, and (2) to remand for lack of complete diversity of

citizenship under Section 1332.  (Dkt. entry no. 13, Notice of Mot.; Pl. Certification at 5-6.)  The Court has reviewed all papers filed in support of and in opposition to the motion, and will determine the motion on the briefs, without an oral hearing. See Fed.R.Civ.P. 78(b).

   **IT APPEARS** that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); see Kabakjian v. United States, 267 F.3d 208, 212 (3d Cir. 2001).  The Court has "substantial discretion" to decide whether to allow joinder of a "diversity-destroying defendant". Kahhan v. Mass. Cas. Ins. Co., No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001); see Stransky v. Am. Isuzu Motors, 829 F.Supp. 788, 790-91 (E.D. Pa. 1993) (stating — in granting motion to remand — defendant has "heavy burden of establishing either that plaintiffs have no reasonable possibility of imposing liability on the non-diverse defendant, or that [the] joinder was fraudulent").

   **THE COURT**, in addressing this motion for leave to amend and to remand, will consider (1) whether the plaintiff seeks to amend solely to defeat the diversity-of-citizenship element of Section 1332, (2) whether the plaintiff was dilatory in seeking to amend, (3) whether the plaintiff will be prejudiced if the amendment is

2

denied, and (4) other equitable factors.  See <u>Lewis v. Grunden</u>, No. 08-863, 2009 WL 113421, at *2 (E.D. Pa. Jan. 16, 2009) (citing <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987) in absence of Third Circuit Court of Appeals precedent).  However, the Court should freely give leave to amend a complaint when justice so requires.  See Fed.R.Civ.P. 15(a)(2).

   **IN AN ACTION** to recover damages under state law for personal injuries caused by negligence, it is not unusual for a plaintiff to name the employer that may be liable under respondeat superior and the employee who engaged in the conduct at issue.  Indeed, it is proper for the plaintiff to name the employee in order to be afforded protection from the possibilities, among others, that (1) the employer may disavow culpability for the conduct, (2) the employee may not cooperate with discovery or other aspects of litigation if the employee is not named, or (3) the employee may no longer be employed by that employer.  See <u>Toll Bros. v. Twp. of Readington</u>, 555 F.3d 131, 144 n.10 (3d Cir. 2009) (noting district court erred in denying leave to amend, as proposed amendment was neither inequitable nor futile, and would solve problem concerning standing).  Also, the action had been pending before this Court for only two months, and pending for only three months overall, when the plaintiff filed the motion, thereby causing no undue prejudice to the defendants.  <u>Cf.</u> <u>Bjorgung v. Whitetail Resort</u>, 550 F.3d 263, 265-66 (3d Cir. 2008) (affirming

3

order denying request for leave to amend due to three-year delay by plaintiff).  Thus, (1) the proposed addition of Cecero as a defendant is not being sought solely to defeat the diversity-of-citizenship element, (2) the plaintiff was not dilatory, and (3) the plaintiff could be prejudiced if Cecero is not added.  The Court notes that the defendants, in response, do not deny that Cecero is a New Jersey citizen.  (See generally dkt. entry no. 15, Def. Br.)

THE COURT will therefore (1) grant the motion, (2) deem the Second Amended Complaint to be filed, and (3) remand the action. For good cause appearing, the Court will issue an appropriate order.[1]

                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:  March 26, 2010

---

[1]  The Court need not address the plaintiff's contentions on the citizenship of WPC and AEF.  (See Pl. Certification at 2-6.) But the Court notes that those contentions are without merit.

4